UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

KHALIK JONES,

           Plaintiff,

  -against-

COUNTY OF SUFFOLK, MICHAEL PETRUCCI, Individually, THOMAS SCHMIDT, Individually, NICHOLAS ROBBINS, Individually, RICHARD BROOKS, Individually, EDWARD ZIMMERMAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

           Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff KHALIK JONES, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff KHALIK JONES is a forty-one-year-old Black man residing in New York.

7.     Defendant COUNTY OF SUFFOLK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant COUNTY OF SUFFOLK maintains the Suffolk County Police Department (hereinafter "SCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF SUFFOLK.

9.     That at all times hereinafter mentioned, the individually named defendants MICHAEL PETRUCCI, THOMAS SCHMIDT, NICHOLAS ROBBINS, RICHARD BROOKS, EDWARD ZIMMERMAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF SUFFOLK.

2

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant COUNTY OF SUFFOLK.

## FACTS

12. This action arises from the malicious prosecution and unjust conviction of plaintiff KHALIK JONES based on false allegations of the defendants.

13. Plaintiff was arrested on or about May 26, 2017, based on defendant MICHAEL PETRUCCI and THOMAS SCHMIDTs' false claims that plaintiff was purportedly loitering in the vicinity of 123 Patchogue Avenue, Mastic, New York, for the purpose of using or possessing narcotics.

14. At the time of his arrest, plaintiff was searched by defendants and not found to be in possession of any narcotics or other contraband.

15. At the time defendants arrested plaintiff, they lacked any reasonable basis to believe that plaintiff was loitering for the purpose of selling narcotics and otherwise lacked probable cause to arrest him.

16. Plaintiff was subsequently placed in a SCPD police vehicle and transported to the SCPD's 7th police precinct by defendants NICHOLAS ROBBINS and RICHARD BROOKS.

17. After plaintiff's arrival at the precinct, defendants ROBBINS and BROOKS falsely claimed that ROBBINS recovered a plastic bag containing narcotics from the back seat of their vehicle.

18. Further, plaintiff was questioned while in custody by defendant EDWARD ZIMMERMAN, who falsely claimed that plaintiff made incriminating statements regarding,

*inter alia*, trying to ditch the bag of narcotics and using street drugs.

19. Plaintiff was thereafter prosecuted based on the false claims of defendants under Suffolk County Indictment No. 01101-2017.

20. Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause, based on insufficient evidence to believe plaintiff had committed the crimes for which he was prosecuted, and based on fabricated evidence and testimony.

21. Defendants created and manufactured false evidence which was forwarded to the Suffolk County District Attorney's Office, used against plaintiff in the aforementioned legal proceedings, during hearings and at trial. Said false allegations and evidence included that on May 26, 2017, plaintiff had loitered for the purpose of selling narcotics, dropped a bag of narcotics in a SCPD police vehicle, had made incriminating statements. These allegations were false.

22. As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions and to face trial on false charges.

23. Defendants PETRUCCI, ROBBINS, BROOKS, and ZIMMERMAN testified at plaintiff's trial, where they reiterated their false claims, falsely implicating plaintiff in alleged loitering and possession of narcotics. Plaintiff was thereafter convicted based on said false evidence and testimony.

24. Thereafter, on October 2, 2018, after being unjustly convicted of Criminal Possession of a Controlled Substance in the 3rd Degree, P.L. 220.16(12) and Loitering in the 1st Degree, P.L. 240.36, plaintiff was sentenced to fifteen years of imprisonment by the Honorable

William Condon, Judge of the Supreme Court of Suffolk County.

25. Subsequently, on February 9, 2022, plaintiff's unjust conviction was reversed by the Supreme Court of the State of New York, Appellate Division, Second Department, on the grounds that the evidence was legally insufficient to establish probable cause to have arrested plaintiff for loitering.

26. Thereafter on February 10, 2022, all charges lodged against plaintiff were dismissed and sealed by the Honorable S. Pilewski, Judge of the Supreme Court of Suffolk County, and the proceedings were otherwise favorably terminated.

27. Thereafter, on March 31, 2022, plaintiff was released from custody after being incarcerated continuously since his arrest on May 26, 2017.

28. Defendants PETRUCCI, SCHMIDT, ROBBINS, BROOKS, ZIMMERMAN, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

29. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the COUNTY OF SUFFOLK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees; and pursuant to customs or practices of employing individuals who were unqualified for their jobs and who engaged in falsification.

30. The aforesaid event is not an isolated incident. Defendant COUNTY OF SUFFOLK is aware from lawsuits, notices of claims, complaints filed with the SCPD's Internal Affairs Bureau, or other COUNTY OF SUFFOLK agencies, and extensive media coverage that

many SCPD officers, including the defendants engage in a practice of falsification.

31. Defendant COUNTY OF SUFFOLK is further aware that such improper training and supervision has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF SUFFOLK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

32. Moreover, upon information and belief, defendant COUNTY OF SUFFOLK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF SUFFOLK has retained these officers, and failed to adequately train and supervise them.

33. All of the aforementioned acts of defendants, their agents, servants, and employees were conducted under the color of state law.

34. All of the aforementioned acts deprived plaintiff KHALIK JONES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35. The acts complained of were conducted by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff KHALIK JONES sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants created false evidence against plaintiff KHALIK JONES.

40. Defendants utilized this false evidence against plaintiff KHALIK JONES in legal proceedings.

41. As a result of defendants' creation and use of false evidence, plaintiff KHALIK JONES suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution, and was deprived of his liberty.

42. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants initiated, commenced, and continued a malicious prosecution against

plaintiff KHALIK JONES.

45. Defendants caused plaintiff KHALIK JONES to be prosecuted without any probable cause until the charges were dismissed on or about February 10, 2022.

46. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants had an affirmative duty to intervene on behalf of plaintiff KHALIK JONES, whose constitutional rights were being violated in their presence by other officers.

49. The defendants failed to intervene to prevent the unlawful conduct described herein.

50. As a result of the foregoing, plaintiff KHALIK JONES was maliciously prosecuted, denied his right to fair trial, compelled to appear in court, and his liberty was restricted for an extended period of time.

51. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

54. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57. The aforementioned customs, policies, usages, practices, procedures and rules of the SCPD included, but were not limited to, inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KHALIK JONES' rights as described herein. In addition, the SCPD was aware that many officers engage in falsification in support of improper arrests. As a result of the failure of the COUNTY OF

SUFFOLK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF SUFFOLK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff KHALIK JONES.

59. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD were the direct and proximate cause of the constitutional violations suffered by plaintiff KHALIK JONES as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD were the moving force behind the Constitutional violations suffered by plaintiff KHALIK JONES as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the COUNTY OF SUFFOLK and the SCPD, plaintiff KHALIK JONES was maliciously prosecuted and denied his right to a fair trial.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KHALIK JONES' constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff KHALIK JONES of federally protected rights, including, but not limited to, the right:

    A. To receive his right to fair trial;

    B. To be free from malicious prosecution; and

    C. To be free from the failure to intervene.

64. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**Supplemental State Law Claims**

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to, and filed with the COUNTY OF SUFFOLK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67. The COUNTY OF SUFFOLK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

11

72. Defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff KHALIK JONES.

73. Defendant officers caused plaintiff KHALIK JONES to be prosecuted without probable cause until the unjust conviction and indictment were dismissed on or about February 22, 2022.

74. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

75. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, defendant COUNTY OF SUFFOLK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KHALIK JONES.

78. Defendant COUNTY OF SUFFOLK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

79. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Negligent Training and Supervision under the laws of the State of New York</u>)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, the defendant COUNTY OF SUFFOLK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff KHALIK JONES.

82. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Plaintiff's injuries herein were caused by the carelessness, recklessness, and negligence of the defendant COUNTY OF SUFFOLK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

85. Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

86. As a result of the foregoing, plaintiff KHALIK JONES is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff KHALIK JONES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: New York, New York
May 10, 2023

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff KHALIK JONES
> 305 Broadway, Suite 600
> New York, New York 10007
> (212) 335-0132
>
> By:  *Brett Klein*
> _____
> BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

KHALIK JONES,

                                      Plaintiff,                                Docket No.

        -against-

COUNTY OF SUFFOLK, MICHAEL PETRUCCI, Individually, THOMAS SCHMIDT, Individually, NICHOLAS ROBBINS, Individually, RICHARD BROOKS, Individually, EDWARD ZIMMERMAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

---------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132